IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO,<br><br>Plaintiff,<br><br>v.<br><br>JESSE F. SWARTZ, JR., a.k.a. FRANKLIN H. WRIGHT,<br><br>Defendant. | Case No. 23-mc-80022 CW<br><br>**ORDER RETURNING NOTICE OF REMOVAL AND REMANDING CRIMINAL ACTION TO STATE COURT**<br><br>(Re: Dkt. No. 1) |

Defendant Jesse F. Swartz, a.k.a. Franklin H. Wright (hereinafter Swartz/Wright), seeks to file a notice of removal in the above-captioned miscellaneous action. On June 13, 2016, the Court issued a pre-filing order regarding cases filed by Franklin H. Wright, a.k.a. Jesse Swartz. *See* Case No. 16-cv-00505, Docket No. 27. The pre-filing order states that, if Swartz/Wright seeks to file an action that is related to certain subject matters or legal theories, "it will not be filed unless it presents cognizable claims." *Id.* at 2. The subject matters or legal theories are:

(1) Violation of some duty owed;

(2) Mention of the Federal Tort Claims Act or attachment of Federal Tort Claims Act "claim letters";

(3) Other cases previously filed in federal courts;

(4) Requests to compel any defendant to answer questions, perform investigations or evaluate policy proposals;

(5) "Obstruction" of Swartz/Wright's legal process; or

(6) Conspiracies to "train" Swartz/Wright.

*Id.* at 1-2.

According to the notice of removal that Swartz/Wright seeks to file, he seeks to remove a criminal prosecution against him that relates to a notice to appear issued to him by the San Francisco Sheriff's Department pursuant to California Penal Code § 853.6[1] in connection with his arrest for trespass in violation of California Penal Code § 602(m) and for obstructing a public officer in the discharge of his duties in violation of California Penal Code § 148(a)(1); the arrest took place at a shelter for unhoused people in San Francisco, California.  *See generally* Docket Nos. 1 and 1-1.  Swartz/Wright alleges that the criminal prosecution relating to the notice to appear in question is removable because the "arrest errors" that deprived him of due process appear to have been coordinated and motivated by political corruption in violation of "the Hobbs Act."  Docket No. 1 at 7.  Because the notice of removal that Swartz/Wright seeks to file relates to at least one of the subject matters mentioned in the pre-filing order, the notice of removal may not be filed unless it contains a cognizable basis for removing the criminal prosecution relating to the notice to appear in question.

Criminal prosecutions may be removed to federal court under limited circumstances, such as where the criminal prosecution is against an officer of the United States relating to acts performed under color of his office, *see* 28 U.S.C. § 1442; the criminal prosecution is against a member of the armed forces on account of an act done under color of his office, *see* 28 U.S.C. § 1442a; or the criminal prosecution is against a person who is denied or cannot enforce in state court a right under any law providing for the equal civil rights of citizens of the United States, *see* 28 U.S.C. § 1443.  Here, Swartz/Wright alleges no facts suggesting that the criminal prosecution relating to his arrest for trespass and obstructing a public officer in the discharge of his duties falls

---

[1] California Penal Code § 853.6 provides that, in any case in which a person is arrested for an offense declared to be a misdemeanor, including a violation of any city or county ordinance, and the person does not demand to be taken before a magistrate, that person shall, instead of being taken before a magistrate, be released.  It further provides that, if the person is released, the officer or his or her superior shall prepare in duplicate a written notice to appear in court, containing the name and address of the person, the offense charged, and the time when, and place where, the person shall appear in court.  *See* Cal. Penal Code § 853.6(a).

1  within any of these categories of removable criminal prosecutions.  Accordingly, the Court finds
2  that Swartz/Wright has not alleged any cognizable basis for permitting the removal of the criminal
3  prosecution in question.
4        The Clerk shall return the notice of removal to Swartz/Wright and shall remand to the City
5  and County of San Francisco the criminal prosecution relating to the notice to appear issued to
6  Swartz/Wright by the San Francisco Sheriff's Department.  No further filing shall be entertained
7  in this miscellaneous action.  The Court shall terminate this miscellaneous action.
8        IT IS SO ORDERED.
9  Dated: 2/21/2023

CLAUDIA WILKEN
United States District Judge